IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BLAYDE GRAYSON**                                                                    **PETITIONER**

**VS.**                                                  **CIVIL ACTION NO.: 1:04cv708-CWR**

**LYNN FITCH, Attorney General, State of
Mississippi, BURL CAIN, Commissioner,
Mississippi Department of Corrections, and
TIMOTHY MORRIS, Superintendent,
Mississippi State Penitentiary**                                    **RESPONDENTS**

**ORDER DENYING MOTION TO
<u>STAY STATE COURT PROCEEDINGS</u>**

This matter came before the Court on the Petitioner's Motion to Stay State Court Proceedings [Doc. #145]. The circumstances that gave rise to this Motion were summarized in the Court's earlier Order Order Allowing Access [Doc. #146], but they bear repeating. The basis for the Motion is the litigation that began in state court when Grayson filed a *pro se* letter motion asking that the members of the Mississippi Supreme Court "see that my execution should be carried out forthwith." Shortly after, one of the attorneys appointed in this Court to represent Grayson notified the state court that there was a federal habeas case pending. Grayson's attorney asked that his *pro se* motion be dismissed.

The State filed a response to Grayson's motion, and moved that the court remand the case to the county of Grayson's conviction, so that it could proceed with a determination of Grayson's competence to waive his appeals. Grayson's attorneys responded to the State's motion, including a "Notice of Withdrawal of *Pro Se* Motion to Carry Out Execution Forthwith." The Mississippi Supreme Court, after noting that the Notice of Withdrawal did not contain an affidavit or other written statement from Grayson, remanded the matter to the Circuit Court of George County, so that Grayson can make a statement on the record as to whether he wishes to

proceed with his *pro se* motion and waive his appeals. If Grayson affirms his desire to withdraw his motion, then the Circuit Court is instructed to enter an order to that effect and forward the order to the Supreme Court. If Grayson indicates that he wishes to proceed with the motion, then the Circuit Court is to determine whether Grayson is competent to make that decision. The Circuit Court has set that hearing for April 7, 2022.

It is this Court's opinion that the State of Mississippi has the authority to dispose of any proceedings that originate in its Supreme Court, regardless of any speculation as to its motive. For that reason, Grayson's Motion will be denied. That being said, however, the Court is constrained to also note that the result of the April hearing in state court will have no effect on the status of this case, which, as pointed out in the Court's earlier Order, is not an *appeal*, but a separate civil action. *Fay v. Noia*, 372 U.S. 391, 423-24 (1963); *Hernandez v. Thaler*, 630 F.3d 420, 424 n.12 (5th Cir. 2011).

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Stay State Court Proceedings [Doc. #145] is hereby **DENIED**.

**IT IS SO ORDERED,** this the 31st day of March, 2022.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE